Charles Edward THOMAS, Petitioner—Appellant,

v.

A.A. LAMARQUE, Warden, Respondent—Appellee.

No. 03–56825.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Decided Feb. 1, 2005.

---

Rebecca P. Jones, San Diego, CA, for Petitioner–Appellant.

Sara Gros–Cloren, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, CLIFTON, Circuit Judges, and WEINER, District Judge.*

MEMORANDUM **

California state prisoner Charles E. Thomas appeals the district court's denial of his petition for habeas corpus under 28

---

\* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 2254. Like the district court, we conclude that the California Court of Appeal's rejection of Thomas's claims was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, we affirm.

■ Although the interrogating detectives did not specify that Thomas's right to counsel applied before and during questioning, several federal courts of appeals have found similar general advisements adequate under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See, e.g., United States v. Frankson*, 83 F.3d 79, 82 (4th Cir.1996); *United States v. Caldwell*, 954 F.2d 496, 502 (8th Cir.1992); *United States v. Burns*, 684 F.2d 1066, 1074–75 (2d Cir.1982); *United States v. Adams*, 484 F.2d 357, 361–62 (7th Cir.1973). That the Ninth Circuit has adopted a contrary view in a case involving a federal prosecution and conviction, rather than a Section 2254 petition, *see United States v. Noti*, 731 F.2d 610, 614–15 (1984), does not establish Thomas's right to habeas relief. Rather, "[t]he very fact that circuit courts have reached differing results on similar facts leads inevitably to the conclusion that the [state] court's rejection of [the habeas] claim was not objectively unreasonable." *Clark v. Murphy*, 331 F.3d 1062, 1071 (9th Cir.2003).

Nor was it objectively unreasonable to conclude that in light of the totality of the surrounding circumstances, Thomas's confession was voluntary. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Though we share the state court's concern with the detectives' "constitutionally suspect tactics," we find in the transcripts and videotape of the interrogation adequate support for the finding that Thomas nevertheless "remained calm and defiant."

Given our conclusions above, we also reject Thomas's claim of ineffective assistance of counsel. Each of the courts that considered Thomas's claims on direct and collateral review has rejected his challenges to the admission of his confession. For this reason, Thomas cannot demonstrate prejudice from his counsel's alleged failure to raise and preserve these challenges. *See Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, we construe Thomas's assertion of issues not certified by the district court as a motion to expand the certificate of appealability. 9th Cir. R. 22–1(e). We conclude that Thomas has failed to make a substantial showing that the alleged violations resulted in a denial of his constitutional rights. 28 U.S.C. § 2253(c)(2). First, although the detectives delayed and attempted to trivialize the *Miranda* warnings, their advisement reasonably conveyed Thomas's rights. *See Duckworth v. Eagan*, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989). Second, Thomas's repetition of the phrase "we're done," which could have been interpreted as merely mimicking Detective Wolf or as expressing agreement that they were "done" discussing his alibi, was not an unambiguous and unequivocal invocation of his right to terminate questioning. *See Simmons v. Bowersox*, 235 F.3d 1124, 1131 (8th Cir.2001); *Coleman v. Singletary*, 30 F.3d 1420, 1424 (11th Cir.1994); *cf. Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). We thus deny the motion to expand the certificate of appealability.

AFFIRMED.